UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
Alejandro Burillo,                                          :
                                                            :
                        Plaintiff,                          :   Case No. 05 Civ. 3493 (JGK)
                                                            :
            - against -                                     :
                                                            :   **ANSWER AND DEMAND FOR**
Chuck Blazer and Multisport Games                           :   **JURY TRIAL**
Development, Inc.,                                          :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------x

        Defendants Chuck Blazer ("Blazer") and Multisport Games Development, Inc. ("Multisport," and, together with Blazer, "Defendants"), by and through their undersigned counsel Willkie Farr & Gallagher LLP, hereby answer plaintiff Alejandro Burillo's ("Plaintiff") Complaint (the "Complaint") as follows:

        1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in paragraph 1 of the Complaint.

        2.     Defendants admit each of the allegations contained in paragraph 2 of the Complaint.

        3.     Defendants admit each of the allegations contained in paragraph 3 of the Complaint.

        4.     Defendants deny each of the allegations contained in paragraph 4 of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court under 28 U.S.C. § 1332(a).

5. Defendants deny each of the allegations contained in paragraph 5 of the Complaint, except admit that Plaintiff purports to lodge venue in this Court pursuant to 28 U.S.C. § 1391(a).

6. Defendants admit each of the allegations contained in paragraph 6 of the Complaint.

7. Defendants deny each of the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny each of the allegations contained in paragraph 8 of the Complaint, except admit that Blazer owns 100 percent of the outstanding stock of Multisport.

9. Defendants admit each of the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny each of the allegations contained in paragraph 10 of the Complaint, except admit that Multisport, during the relevant period, owned a 50 percent interest in Global Interactive Gaming.

11. Defendants deny each of the allegations contained in paragraph 11 of the Complaint, and respectfully refer the Court to the purported agreement in principle for a complete and accurate statement of its terms.

12. Defendants deny each of the allegations contained in paragraph 12 of the Complaint, and respectfully refer the Court to the purported agreement in principle for a complete and accurate statement of its terms.

13. Defendants deny each of the allegations contained in paragraph 13 of the Complaint, and respectfully refer the Court to the purported agreement in principle for a complete and accurate statement of its terms.

14. Defendants deny each of the allegations contained in paragraph 14 of the Complaint, and respectfully refer the Court to the purported agreement in principle for a complete and accurate statement of its terms.

15. Defendants deny each of the allegations contained in paragraph 15 of the Complaint, and respectfully refer the Court to the purported agreement in principle for a complete and accurate statement of its terms.

16. Defendants deny each of the allegations contained in paragraph 16 of the Complaint, except admit that Blazer did send a fax to Plaintiff on or about September 28, 2001, and respectfully refer the Court to that fax for a complete and accurate statement of the contents thereof.

17. Defendants deny each of the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny each of the allegations contained in paragraph 18 of the Complaint, except admit that Plaintiff did wire $1.5 million to an account held by Multisport.

19. Defendants deny each of the allegations contained in paragraph 19 of the Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in paragraph 20 of the Complaint.

21. Defendants admit each of the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny each of the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny each of the allegations contained in paragraph 23 of the Complaint, except admit that Blazer did send Plaintiff an email on or about February 27, 2002, and respectfully refer the Court to that email for a complete and accurate statement of the contents thereof.

24. Defendants deny each of the allegations contained in paragraph 24 of the Complaint, except admit that Defendants did pay Plaintiff $100,000 in or about March 2002.

25. Defendants deny each of the allegations contained in paragraph 25 of the Complaint, except admit that Defendants did pay Plaintiff an additional $100,000 in or about March 2002.

26. Defendants deny each of the allegations contained in paragraph 26 of the Complaint, except admit that Defendants did pay an additional $300,000 to Plaintiff in or about the period of March 2002 to May 2002.

27. Defendants deny each of the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny each of the allegations contained in paragraph 28 of the Complaint.

## AS AND FOR A FIRST CLAIM

29. Defendants repeat, reallege and reassert their responses set forth in paragraphs 1 through 28 of this Answer as if fully set forth herein.

30. Defendants deny each of the allegations contained in paragraph 30 of the Complaint.

## AS AND FOR A SECOND CLAIM

31. Defendants repeat, reallege and reassert their responses set forth in paragraphs 1 through 30 of this Answer as if fully set forth herein.

32. Defendants deny each of the allegations contained in paragraph 32 of the Complaint.

## AS AND FOR A THIRD CLAIM

33. Defendants repeat, reallege and reassert their responses set forth in paragraphs 1 through 32 of this Answer as if fully set forth herein.

34. Defendants deny each of the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny each of the allegations contained in paragraph 35 of the Complaint.

## AS AND FOR A FOURTH CLAIM

36. Defendants repeat, reallege and reassert their responses set forth in paragraphs 1 through 35 of this Answer as if fully set forth herein.

37. Defendants deny each of the allegations contained in paragraph 37 of the Complaint.

As and for a full and complete affirmative defense to each and every claim, Defendants aver as follows:

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claims for relief are barred in whole or in part because they fail to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims for relief are barred in whole or in part by the doctrines of waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims for relief are barred in whole or in part by the doctrines of unclean hands and inequitable conduct.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims for relief are barred in whole or in part by the doctrine of laches.

WHEREFORE, defendants Chuck Blazer and Multisport Games Development, Inc. demand judgment dismissing this action, together with such other and further relief as this Court shall deem just and proper.

Dated: New York, New York
       June 6, 2005

WILLKIE FARR & GALLAGHER LLP

By: _____
Brian E. O'Connor (BOC-7627)
(A Member of the Firm)

787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

Attorneys for Chuck Blazer
Attorneys for Multisport Games Development, Inc.